UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

Plaintiff,

-against-

NICOLE MAZUR; LUBOV LEVIN; IAN GABBIDON; PAT HAHN; PAT HAHN REAL ESTATE; IVAN KARAMIAN; BERKSHIRE HATHAWAY HOMESERVICES OF MASSACHUSETTS, INC.; REYNOLDS AND WERMAN PC; ROBERT [LAST NAME UNKNOWN]; GOLDMAN SACHS & CO. LLC; GOLDMAN SACHS PHILANTHROPY FUND; HOLYOKE POLICE DEPARTMENT; JOHN DOE OFFICERS 1-10; VALLEY HEALTH SYSTEMS, INC.; HOLYOKE HOSPITAL; SPURIS HATIRAS; DR. LEDERMAN [FIRST NAME UNKNOWN]; JANE DOE SOCIAL WORKER; HOLYOKE HOSPITAL RISK MANAGEMENT DEPARTMENT; BRAVEN HEALTH; BLUE CROSS BLUE SHIELD OF NEW JERSEY,

Defendants.

26-CV-6758 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jane Doe, a resident of New Jersey, brings this *pro se* action under the civil provisions of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, alleging that Defendants defrauded her mother into conveying to them real property in Holyoke, Massachusetts, despite Plaintiff having an interest in that real property and the tangible property within it.[1] Plaintiff also alleges that Defendant Nicole Mazur, in furtherance of the alleged fraud,

[1] Plaintiff also seems to assert claims under federal criminal statutes, as well as under Massachusetts statutory law.

caused Plaintiff to be falsely arrested by police officers in Holyoke, Massachusetts and that Plaintiff was thereafter confined to a psychiatric hospital in the same city. Named as Defendants are: (1) Nicole Mazure, of Astoria, New York; (2) Lubov Levin, of unknown domicile; (3) Ian Gabbidon, whose domicile is unknown but who is alleged to be in possession of the subject property in Holyoke; (4) Pat Hahn, of Agawam, Massachusetts; (5) Pat Hahn Real Estate, which is located in Agawam; (6) Ivan Karamian, of Springfield, Massachusetts; (7) Berkshire Hathaway Homeservices of Massachusetts, Inc., which is located in Massachusetts; (8) Reynolds and Werman PC, of unknown domicile, which is alleged to have served as closing attorney on the subject property in Holyoke; (9) Robert [Last Name Uknown], of unknown domicile, who is alleged to have orchestrated the alleged straw purchase of the subject real property in Holyoke; (10) Goldman Sachs & Co. LLC and Goldman Sachs Philanthropy Fund, both located in New York, New York, who employed Robert [Last Name Unknown] and are alleged to be vicariously liable for his conduct; (11) Holyoke Police Department, located in Holyoke; (12) John Doe Officers 1-10, of the Holyoke Police Department; (13) Valley Health Systems, Inc., of unknown domicile; (14) Spuris Hatiras, of unknown domicile; (15) Dr. Lederman [First Name Unknown], of unknown domicile; (16) Jane Doe Social Worker; (17) Holyoke Hospital Risk Management Department, located in Holyoke; (18) Braven Health, of unknown domicile; and (19) Blue Cross Blue Shield of New Jersey.

Plaintiff also filed a document that she styles as an emergency motion for a temporary restraining order (ECF No. 4) and a motion to proceed under a "Jane Doe" pseudonym (ECF No. 5).

For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

## DISCUSSION

Plaintiff brings her claims under the RICO Act, which includes its own venue provision. The venue provision provides that claims under the RICO Act "against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Venue for a RICO Act claim thus generally lies where a defendant resides or transacts his or her affairs.

By contrast, the general venue statute, 28 U.S.C. § 1391(b), provides that a federal civil action may be brought in a federal district court for a:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(1), (2).

There appears to be multiple proper venues for this action. First, this district appears to be a proper venue under RICO's venue statute because, as Plaintiff alleges, certain wire transfers emanated from Defendant Robert [Last Name Unknown] from the Goldman Sachs headquarters in Manhattan, because that Defendant transacts his affairs here, and because certain Goldman Sachs Philanthropy Funds were misused in Goldman Sachs headquarters in Manhattan. (ECF No. 1, at 5-6, 8.)

Second, the United States District Court for the Eastern District of New York appears to also be a proper venue. Defendant Mazur, who allegedly orchestrated the fraud, resides in Queens County, New York, which is located in the Eastern District of New York.[2] She also allegedly orchestrated the fraud from Queens County and directed Plaintiff's arrest in Holyoke from her home in Queens County. (*Id*. at 2-3, 5-6.)

Third, venue appears proper in the United States District Court for the District of Massachusetts. Plaintiff alleges that most of the defendants reside and transact business there. It is also where both the real property and the tangible property that is the subject of this litigation are located. Additionally, that district is where Plaintiff was allegedly falsely arrested and confined against her will in a psychiatric hospital. (*Id*. at 2-3, 5-8.)

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

[2] Contrary to Plaintiff's assertion, Queens County is not located in the Southern District of New York. *See* 28 U.S.C. § 112(c).

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the District of Massachusetts appears to be appropriate in this case. The real and tangible property that are the subject of this litigation are located there, and it is where Plaintiff was arrested and confined in a psychiatric hospital. Moreover, most of the defendants can be found there and/or transact business there, including their business interactions with Plaintiff. Based on those factors, it is also reasonable to assume that most relevant documents and witnesses can be found in that district. The District of Massachusetts therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Massachusetts. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Massachusetts. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

Additionally, the transferee court is left to determine whether to grant or deny Plaintiff's emergency motion for a temporary restraining order (ECF No. 5) and motion to proceed under a pseudonym (ECF No. 6.)

Because Plaintiff seeks emergency relief, the Court further directs the Clerk of Court to transfer this action to the District of Massachusetts immediately upon entry of this order; the Court waives the seven-day waiting period contained in Local Civil Rule 83.1.

A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 11, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge