UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br>NICOLE MAZUR, et al.,<br>Defendants. | Civil Action No. 26-30139-MGM |

MEMORANDUM AND ORDER
September 11, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

On August 8, 2026, Plaintiff, a resident of New Jersey identifying herself as Jane Doe ("Doe" or "Plaintiff"), filed a *pro se* complaint in the United States District Court for the Southern District of New York (the "NY court"). (Dkt. No. 1, Complaint, No. 26-06758 (S.D.N.Y. Aug. 8, 2026)). The NY court ordered the matter transferred to this district (Dkt. No. 8, Transfer Order, No. 26-06758 (S.D.N.Y. Aug. 11, 2026)), and the matter was thereafter assigned to the undersigned on August 19, 2026. (Dkt. No. 10.)

Plaintiff's complaint names 19 Defendants and alleges violations (by one or more Defendants) of (1) the civil provision of the Racketeering Influenced and Corrupt Organizations Act ("RICO"); (2) several federal criminal statutes; and (3) Massachusetts law. In particular, Plaintiff alleges that Defendants defrauded her mother into conveying to them real property in Holyoke, Massachusetts, despite Plaintiff having an interest in that real property and the tangible property within it. Plaintiff further alleges that Defendant Nicole Mazur, in furtherance of the alleged fraud, caused Plaintiff to be falsely arrested by police officers in Holyoke, Massachusetts and that Plaintiff was thereafter confined to a psychiatric hospital in the same city.

With her complaint, Plaintiff also filed motions for leave to proceed i*n forma pauperis*, for a temporary restraining order ("TRO"), and to proceed under pseudonym (Dkt. Nos. 3 - 5.) On September 9, 2026, Plaintiff filed a notice of voluntarily dismissal of her claims against Defendants (1) Braven Health; (2) Horizon Blue Cross Blue Shield of New Jersey; and (3) Robert (Last Name Unknown), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Dkt. No. 11). That same day, Plaintiff also filed an *ex parte* motion revising Plaintiff's request for emergency relief, (Dkt. No. 12), and a declaration in support of Plaintiff's first motion for temporary restraining order. (Dkt. No. 13).

For the reasons set forth below, the court allows Plaintiff's motion for leave to proceed i*n forma pauperis*, (Dkt. No. 3), denies the motion for *ex parte* injunctive relief, (Dkt. Nos. 4, 12), and grants (for the time being) the motion to proceed under pseudonym (Dkt. No. 5).

## II. THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

After review of Plaintiff's motion for leave to proceed i*n forma pauperis*, (Dkt. No. 3), the court concludes that Plaintiff is without income or assets to pay the required filing fee. The court, therefore, permits Plaintiff to proceed *in forma pauperis*.

## III. THE MOTIONS FOR INJUNCTION RELIEF

Plaintiff filed an emergency motion with her complaint. (Dkt. No. 4.) Plaintiff subsequently filed a "revised ex parte application for emergency temporary restraining order and preliminary injunction." (Dkt. No. 12.) To obtain a preliminary injunction or a TRO, Plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) that a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest. *See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 19-20 (2008)). "[A]llowance of a TRO, as with a preliminary injunction, is an extraordinary and drastic

remedy that is never awarded as of right." *Allscripts Healthcare, LLC v. DR/Decision Res., LLC*, 592 F. Supp. 3d 1, 3 (D. Mass. 2022) (internal citation and quotation marks omitted).

But even before analyzing if Plaintiff has met her burden under the aforementioned factors, there is a threshold issue: Plaintiff's motions fail to satisfy the requirements of either notice to the adverse party or a certification to support an *ex parte* order. *See* Fed. R. Civ. P. 65(a), (b)(1). Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Under Rule 65(b),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has apparently failed to provide notice to Defendants, as there is no certification in writing of any effort made to provide at least informal notice, and Plaintiff has provided no details as to the reasons why such notice should not be required in view of an immediate need for injunctive relief. *See* Fed. R. Civ. P. 65(b). Plaintiff's failure to provide notice to Defendants or a certification explaining why such notice should not be required is fatal to her emergency motion. *See Eze v. Appleyard*, 2013 WL 5604292, at *2 (D. Mass. Oct. 10, 2013) ("[Plaintiff] has not certified his efforts to give notice to the defendants of his motion for emergency relief or explained why such notice should not be required. His failure to meet the requirements of Fed. R. Civ. P. 65(b)(1)(B) provides sufficient ground for denial of a motion for a temporary restraining order."); *DuBois v. Alves*, 2022 WL 4376041, at *5 (D. Mass. Aug. 22, 2022) (denying motion in part due to the failure to comply with Local Rules or Federal Rule of Civil Procedure 65).

As such, Plaintiff's request for an emergency temporary restraining order is DENIED without prejudice. The motions shall, however, remain pending on the docket as motions for preliminary injunction.

## IV. The Motion to Proceed under Pseudonym

Plaintiff filed this action anonymously and seeks to proceed under a pseudonym; she also requests permission to file under seal documents that contain sensitive personal information. Plaintiff's motion to proceed under pseudonym, (Dkt. No. 5.), is temporarily allowed. Plaintiff may proceed under a pseudonym for the time being; however, the court intends to revisit this determination at various critical stages of the proceedings including after the appearance of the Defendants.

Because Plaintiff seeks to proceed under a pseudonym, and she has not yet filed with the court any documents that reveal her true name, in order to proceed, Plaintiff shall file, under seal, a copy of the complaint with her true name and signature. Local Rule 7.2 sets forth the process for having confidential information impounded or filed under seal. In order to file documents under seal, Plaintiff must file a motion and memorandum of law that complies with Local Rule 7.2, along with the proposed redacted documents.[1]

## V. Conclusion

For the reasons set forth above,

1. Plaintiff's motion for leave to proceed i*n forma pauperis*, (Dkt. No. 3), is ALLOWED.

2. Plaintiff's requests for a temporary restraining order are DENIED without prejudice. The motions (Dkt. Nos. 4, 12) shall remain pending on the docket as motions for preliminary injunction.

---

[1] Section 7.2(a) provides in pertinent part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court. The impounded material will be scanned and docketed in CMECF and restricted from public access."

3. Plaintiff's motion to proceed under pseudonym (Dkt. No. 5.) is temporarily ALLOWED. The court further orders as follows:

A. Plaintiff shall file under seal, within 35 days of the date of this Memorandum and Order, a copy of the complaint with her true name and signature. Failure to comply with this directive may subject this case to dismissal without prejudice;

B. The parties shall refer to Plaintiff by the pseudonym "Jane Doe" in all filings;

C. The parties are prohibited from disclosing Jane Doe's identity to any third party unless such disclosure is necessary to litigate this action;

D. The parties shall redact all information that identifies Ms. Doe from public filings, or in the alternative submit such filings under seal; and

E. Any party who discloses Ms. Doe's identity to a third party shall provide a copy of this order to the third party and inform them that they are subject to subsection C of this section.

4. The Clerk shall terminate as parties the following Defendants: (1) Braven Health, (2) Horizon Blue Cross Blue Shield of New Jersey, and (3) Robert (Last Name Unknown).

5. The Clerk shall issue summonses for service of the complaint to all named Defendants. Plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Plaintiff must serve an unredacted copy of the complaint upon Defendants along with the emergency motions and this Memorandum and Order. Failure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.). At this time, summons will *not* issue as to the Defendants identified as "John Doe Officers 1-10" and "Jane Doe Social Worker." If, through discovery, Plaintiff discovers the true names of these Defendants, she "should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 8 n.5 (1st Cir. 2007). Plaintiff may then also file a motion for issuance of a summons for the Defendants later identified.

6. Plaintiff may elect to have service made by the United States Marshals Service ("USMS"). If Plaintiff so chooses, she shall provide the agency with a copy of this Memorandum and Order, all papers for service, and a completed USM-285 form for each party to be served. Plaintiff shall instruct the USMS not to have any document with Plaintiff's true name, including the return of service, filed on the court's public docket. The USMS shall complete service as directed by Plaintiff with all costs of service to be advanced by the United States.

Finally, Plaintiff is advised that she can seek the assistance of the Boston College Law School's Federal Pro Se Legal Assistance Clinic. Plaintiff can access the clinics website at https://lawguides.bc.edu/federal-pro-se. To contact the clinic, Plaintiff can email the clinic at BCLawclinic@bc.edu or call 617-552-5297.

It is So Ordered.

/s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge